1 | Jonathan A. Shapiro (257199)
Andrea J. Robinson (pro hac vice)
2 | Timothy J. Perla (pro hac vice)
jonathan.shapiro@wilmerhale.com
3 | andrea.robinson@wilmerhale.com
timothy.perla@wilmerhale.com
4 | WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
5 | Palo Alto, California 94304
Tel:   (650) 858-6101
6 | Fax:   (650) 858-6100

7 | Attorneys for Defendant Life Insurance
Company of the Southwest

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

## SOUTHERN DIVISION

11

12 | BRUCE M. KRALL, on behalf of himself and all others similarly situated,

Case No.: SACV 09-1043-JVS(RNBx)
13 | *Assigned for all purposes to the Honorable James V. Selna*

Plaintiffs,

14

vs.

15 | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

LIFE INSURANCE COMPANY OF THE
16 | SOUTHWEST, and DOES 1 through 10, inclusive,

17

Defendant.

18

19       Plaintiff Bruce M. Krall ("Plaintiff") and Defendant Life Insurance

20 Company of the Southwest ("Defendant" and, together with Plaintiff, the

21 "Parties") desire the ability to discover from each other documents, material, and

22 other information that, in whole or in part, is contended by those Parties to be

23 confidential, privileged and/or proprietary for the sole purpose of pre-trial and trial

24 of the proceedings in this action.  The Parties by this stipulation and protective

25 order recognize that some of the documents and information that have been or will

26

27

28

be requested in the course of discovery in this action contain personal, medical and/or financial information, trade secrets and/or proprietary confidential information ("Confidential Material"), which although likely to lead to the discovery of admissible evidence in these proceedings, would otherwise be protected from disclosure.  Further, the Parties wish to avoid the expenses, including attorney's fees, which would necessarily be incurred to resolve a controversy regarding the potential disclosure of such Confidential Material.

Thus, IT IS HEREBY STIPULATED by and among all Parties, through their respective attorneys of record, as follows:

1.      The Parties (and possibly third parties) will produce Confidential Material during the course of discovery.  With respect to such information, the producing party or third party (the "Producing Party") will identify or otherwise designate such materials as follows:

a)      For written material, by placing the following legend on each applicable page of the document: "CONFIDENTIAL"; and

b)      For depositions, by designating the material as "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER."

2.      All documents and information produced in this action shall be used only for the purpose of litigating this action (and any appeal taken therefrom) and shall not be used for any other purpose whatsoever.

3.      By producing Confidential Material, the Parties do not waive any objection regarding admissibility, relevancy, or any other evidentiary ground, all of which are specifically reserved.

4.      If documents and information subject to a claim of privacy, attorney-client privilege or attorney work-product are inadvertently disclosed to another party, such disclosure shall in no way prejudice or otherwise constitute a waiver of any claim of privacy, attorney-client privilege or attorney work product to which the Producing Party or other person would be entitled.  If a claim of inadvertent disclosure is made pursuant to this paragraph with respect to information then in the custody of another party, such party will promptly return to the claiming party or person that material as to which the claim of inadvertent disclosure has been made. Such claims of inadvertent disclosure shall be made with reasonable diligence.  The party returning such material may then move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure.  In other words, the motion shall only involve the appropriateness of the claim of privacy, attorney-client privilege or attorney work-product.

5. Confidential Material and any related copies, summaries, extracts, notes or memoranda, shall not be disclosed except to the following persons, each of whom shall be bound by the terms of this Stipulation and Order and subject to the jurisdiction of this Court for purposes of enforcement of this Stipulation and Order:

a) the Court and its officers or personnel;

b) attorneys at the law firms of record in this action only, including such attorneys' legal assistants, paralegals, stenographic and clerical employees working under counsel's direct supervision in this action, as well as outside copying, graphic, computer services and court reporters performing services in connection with this action;

c) independent experts, consultants and their employees specifically retained by the attorneys of record in this action to assist them in the preparation of this action;

d) the individual plaintiff and the defendant (including its current officers, directors and employees) who are directly assisting counsel with the conduct or resolution of this action;

e) third party witnesses who are being examined by counsel at a deposition or trial;

f) the author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Material, and their counsel;

g) court reporters, including stenographers and video technicians transcribing proceedings in the Litigation; and

h) any mediator agreed upon by the Parties, and such mediator's employees and staff.

6. Before counsel discloses any Confidential Material or its contents pursuant to Paragraph 5 to any person other than the Court or court personnel, counsel shall provide that person a copy of this Protective Order. Any person to whom Confidential Material or its contents is disclosed pursuant to Paragraphs 5(c) and 5(e)-(f) shall sign a copy of Exhibit A to acknowledge receipt of a copy of this Protective Order. Counsel who makes a disclosure pursuant to Paragraphs 5(c) and 5(e)-(f) shall sign a copy of Exhibit A to acknowledge delivery of a copy of this Protective Order. Counsel who makes a disclosure pursuant to Paragraphs 5(c) and 5(e)-(f) shall retain all executed copies of Exhibit A.

7. Any court reporter who transcribes deposition testimony in this action shall be informed before the beginning of any deposition about this Stipulation and Order and shall be asked to take appropriate steps to preserve confidentiality under the terms of this Stipulation and Order. Portions of deposition transcripts

marked "CONFIDENTIAL" shall be treated as if they were Confidential Material.

8.      Every person given access to Confidential Material shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the litigation.  Each and every duplicate, extract, summary or description produced pursuant to this provision for use in connection with the litigation shall be treated as Confidential Material subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

9.      In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10.     If any Party wishes to challenge the classification of a document or testimony as Confidential Material, it shall specify in writing to counsel for the Producing Party the document or testimony it wishes to have declassified.  If there is any dispute as to whether a document or testimony may be declassified, such

document or testimony shall be treated as Confidential Material until such dispute is resolved.  In any dispute as to whether a document or testimony should be declassified, the burden to prove confidentiality shall be on the Party claiming confidentiality.  Any motion challenging a designation of material as Confidential Material must be made in strict compliance with Local Rules 37-1 and 37-2.

11.     If any Party wishes to disclose any Confidential Material to anyone other than those permitted under Paragraph 5 above, prior written notice shall be served on counsel for Producing Party, which notice shall include: the identity of that person, the information to be disclosed, and a written acknowledgement as set forth in Exhibit A, duly executed by that person.  The Producing Party shall object to such disclosure in writing within ten (10) calendar days of its receipt of such written notice.  If the Producing Party objects to the disclosure, no such disclosure shall be made unless the receiving party obtains leave of Court.  If the Producing Party does not object to the disclosure within ten (10) calendar days of receiving written notice, as set forth above, the identified material may be disclosed to the specified party and shall be treated as Confidential Material in accordance with this Stipulation and Order.  Failure to object to disclosure of Confidential Material to a specified third party in accordance with this paragraph shall not be deemed a waiver of the provisions of this Stipulation and Order protecting such Confidential Material to any other party.

12.     Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order, shall not: (i) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order; (ii) prejudice in any way the rights of a Party to petition the Court for a further sealing order relating to any information deemed confidential; or (iii) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material.

13.     If a Party to this Stipulation and Order receives a subpoena or other form of judicial process compelling disclosure of Confidential Material, the Party shall, at least fourteen (14) days prior to the demanded disclosure, provide counsel for the Producing Party written notice by facsimile transmission or hand delivery of the subpoena or other form of judicial process calling for the disclosure of Confidential Material.  If written notice cannot be provided at least fourteen (14) days prior to the time for production or other disclosure, the Party shall, in addition to the written notice described above, give notice to counsel for the Producing Party by telephone.  In no event shall production or disclosure be made before reasonable notice is given to counsel for the Producing Party.  The purpose

of this paragraph is to give the Producing Party an opportunity to object to the production or disclosure of Confidential Information pursuant to compulsory process.  However, nothing contained in this Stipulation and Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

14.    Nothing in this Stipulation and Order shall prevent any Producing Party from using or disclosing its own documents or information in any way it chooses.  In addition, nothing in this Stipulation and Order shall be construed in any way to control the use of documents or information received at any time outside the course of the discovery process in this litigation by a Party to this Stipulation and Order.

15.    Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals:

a)    counsel of record in this action and any other person who has received documents shall immediately assemble all such material received, along with all copies, extracts, summaries and compilations of that material (except material constituting the work-product of any counsel which shall be treated as Confidential Material and kept confidential indefinitely) and shall immediately either (1) return such materials to the

Producing Party, or (2) destroy such materials and promptly provide written confirmation of such destruction; and

b)    counsel of record will continue to protect the confidentiality of information contained in any work-product material retained under subparagraph (a) above.

16.    The execution of this Stipulation and Order shall not preclude any Party from moving the Court for other or further protective orders in the course of this action.

17.    This Stipulation and Order is subject to amendment and modification by further written stipulation among counsel of record in this action and/or by order of this Court. No amendment or modification pursuant to the stipulation of the parties shall have the force or effect of a Court order unless the Court approves the amendment or modification.

18.    To the extent not otherwise provided for herein, no Party shall file any motion for a protective order or any motion to compel without first meeting and conferring pursuant to Local Rules 37-1 and 37-2 with the other Parties regarding such motion.

///
///
///
///

19.     This Stipulation is effective among the undersigned Parties even if the Court does not sign the Protective Order.


Dated:      12/8/10              DONAHUE & HORROW, LLP



                                By:  _/s/ Michael B. Horrow_____
                                Michael B. Horrow

                                Attorneys for Plaintiff Bruce M. Krall



Dated:      12/8/10              WILMER CUTLER PICKERING HALE
                                       AND DORR LLP



                                By:  _/s/ Jonathan A. Shapiro_____
                                Jonathan A. Shapiro

                                Attorneys for Defendant Life Insurance
                                Company of the Southwest


**PURSUANT TO STIPULATION, IT IS SO ORDERED**


Dated:  December 10, 2010       _____
                                Honorable Robert N. Block
                                United States Magistrate Judge

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER, SACV 09-1043-JVS (RNBx)